E-FILED 11/05/12
#16
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA EDGAR, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-03477 PSG (OPx)<br><br>[~~PROPOSED~~] **PERMANENT INJUNCTION AGAINST DEFENDANT JOSHUA EDGAR** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction ("Stipulation"), and separate Settlement Agreement between Plaintiff SPECULATIVE PRODUCT DESIGN, LLC ("Plaintiff"), through its counsel of record, on one hand, and Defendant JOSHUA EDGAR ("Defendant"), in pro se, on the other, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-

referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at his direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116 and 17 *U.S.C.* §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a.   importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of SPECK's Trademarks and Copyrights, and/or any Intellectual Property, including its SPECK® word and design marks, its CANDYSHELL® word and design marks, that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of SPECK's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, copyright, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b.   performing or allowing others employed by or representing Defendants, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of SPECK's Trademarks and Copyrights, including its SPECK® word and design marks, its CANDYSHELL® word and design marks, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    c.   engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal and/or state copyright infringement, or any other act which would tend damage or

1 injure Plaintiff; and/or

2     d. using any Internet domain name or website that includes any of SPECK's Trademarks and Copyrights, including its SPECK® word and design marks, its CANDYSHELL® word and design marks.

2. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit SPECK® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendant's possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. Defendant will be making an agreed-upon payment to Plaintiff, as more particularly described in a separate Settlement Agreement

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6. **NO FEES AND COSTS.** Each party shall bear its/his/her own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDGED and DECREED this 2nd day of November, 2012.

**PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ
United States District Judge
Central District of California

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On November 1, 2012, I served the within document(s):

**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT JOSHUA EDGAR**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

JOSHUA EDGAR
1876 RICHARDS PLACE
UPLAND, CA 91784

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 1, 2012, at Los Angeles, California.

_____
Brett Ralston